# Exhibit A

JUDGE SWEET

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

11 CV 2448

------------------------------------------------------------------X

TARA RANIERE, NICHOL BODDEN, and
MARK A. VOSBURGH,
on behalf of themselves individually,
and on behalf of all similarly-situated persons,

                                  Plaintiffs,

                  v.

CITIGROUP INC., CITIBANK, N.A., and
CITIMORTGAGE INC.,

                                Defendants.

------------------------------------------------------------------X

:  Civil Action No.

:  **COMPLAINT**

:  <u>**Jury Trial Demanded**</u>

RECEIVED
APR 08 2011
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs Tara Raniere, Nichol Bodden, and Mark A. Vosburgh ("Plaintiffs"), by and through their undersigned counsel, as and for their Complaint in this action against Citigroup Inc., Citibank, N.A., and/or CitiMortgage Inc. (together "Defendants" or "Citi"), on behalf of themselves individually and on behalf of all similarly-situated persons, hereby allege as follows:

<u>**NATURE OF THE CLAIMS**</u>

1.      Plaintiffs bring this action to recover uncompensated overtime wages which Defendants failed to pay pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law (the "NYLL") § 190 et seq.

2.      Plaintiffs are also entitled to recover liquidated damages, attorneys' fees and costs and any other available remedies for Defendants' violations of the overtime provisions of the FLSA and NYLL.

3.      The FLSA action is brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of Plaintiffs and all other persons who were employed by Defendants anywhere in the United States as a "Home Lending Specialist," "Loan Consultant," and/or any similar position,

and who were not paid overtime compensation for all hours worked in excess of 40 hours per week for the period of April 8, 2008 to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiffs and all such similarly-situated persons are hereinafter referred to jointly as the "FLSA Collective" or the "members of the FLSA Collective."

4. The members of the FLSA Collective are similarly situated because they all performed the same basic duties and assignments as Home Lending Specialists, Loan Consultants and/or any other similar positions and were all subject to Defendants' common policy and practice of improperly classifying them as exempt or otherwise excluded from the overtime provisions of the FLSA.

5. Citi has willfully violated the FLSA during the FLSA Collective Period by failing to pay Plaintiffs and all other members of the FLSA Collective the prevailing one and one-half times their regular rates of pay for all hours worked in excess of 40 hours per week. Pursuant to Citi's unlawful policies and practices, the members of the FLSA Collective have been improperly classified as exempt from the provisions of the FLSA and/or improperly denied overtime compensation to which they are entitled.

6. The FLSA Collective is entitled to recovery for all uncompensated overtime wages earned during the FLSA Collective Period, as well as an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b).

7. Because Defendants have willfully violated the FLSA, the three year statute of limitations provided by the FLSA, at 29 U.S.C. § 255(a), applies to the claims of the FLSA Collective.

8. Plaintiffs also assert claims herein, on behalf of themselves and all other similarly-situated persons, pursuant to NYLL § 663, as well as 12 N.Y.C.R.R. § 142-2.2.

9.      The New York action is brought as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of Plaintiffs and all other persons who were employed by Defendants anywhere within the State of New York as a "Home Lending Specialist," "Loan Consultant," and/or any other similar position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per week for the period of April 8, 2005 to the date of the final disposition of this action (the "New York Class Period"). Plaintiffs and all such similarly-situated persons are hereinafter referred to jointly as the "New York Class."

10.     The New York Class is entitled to recovery for all uncompensated overtime wages during the New York Class period as well as an equal amount in liquidated damages pursuant to the NYLL.

## JURISDICTION AND VENUE

11.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiffs' rights under the Fair Labor Standards Act. The Court has supplemental jurisdiction over Plaintiffs' related claims arising under New York law pursuant to 28 U.S.C. § 1367(a).

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because (i) Defendants reside in this district, and (ii) a substantial part of the events or omissions giving rise to this action occurred in this district.

13.     Plaintiffs' claims are properly consolidated as a single action because their claims arise from the same nexus of facts, parties and circumstances, and involve nearly identical issues of fact and law.

## PARTIES

14.     Plaintiff Tara Raniere is a resident of Suffolk County, New York and has been employed by Defendants in the role of a Home Lending Specialist since June 8, 1981. At all

relevant times, Plaintiff Raniere has been an "employee" within the meaning of both the FLSA and NYLL.

15.     Plaintiff Nichol Bodden is a resident of Suffolk County, New York and has been employed by Defendants in the role of a Home Lending Specialist since February 6, 1987.  At all relevant times, Plaintiff Bodden has been an "employee" within the meaning of the FLSA and NYLL.

16.     Plaintiff Mark A. Vosburgh is a resident of Suffolk County, New York and was employed by Defendants in the role of a Loan Consultant from October 30, 2002 to February 2, 2009.  At all relevant times, Plaintiff Vosburgh was an "employee" within the meaning of the FLSA and NYLL.

17.     As evidenced by Exhibit A, Plaintiffs hereby consent to sue under the FLSA, pursuant to 29 U.S.C. § 216(b).

18.     Defendant Citigroup Inc. is a Delaware corporation with a principal place of business at 399 Park Avenue, New York, New York.  Citigroup Inc. is a global financial services holding company providing financial products and services, including consumer banking and credit, corporate and investment banking, securities brokerage, and wealth management.  At all relevant times, Defendant Citigroup Inc. has met the definition of an "employer" under all applicable statutes.

19.     Defendant Citibank, N.A. is a subsidiary of Citigroup Inc. with a principal place of business at 399 Park Avenue, New York, New York.  Citibank, N.A is a global financial services company that offers financial products and services, banking, lending and investment services.  At all relevant times, Defendant Citibank, N.A. has met the definition of an "employer" under all applicable statutes.

20.     Defendant CitiMortgage Inc. is a New York corporation and is a subsidiary of Citigroup Inc.  CitiMortgage Inc. provides mortgage products and services and other financial services including banking, insurance, asset management, and credit cards.  At all relevant times, Defendant CitiMortgage Inc. has met the definition of an "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

21.     Plaintiff Raniere has been employed by Defendants in the role of a Home Lending Specialist since June 9, 1981.

22.     Plaintiff Bodden has been employed by Defendants in the role of a Home Lending Specialist since February 6, 1987.

23.     Plaintiff Vosburgh was employed by Defendants in the role of a Loan Consultant from October 30, 2002 to February 2, 2009.

24.     On April 30, 2009, Plaintiffs' job titles changed from "Loan Consultant" to "Home Lending Specialist."  Plaintiffs' job titles changed frequently throughout their employment, but their job duties have never materially changed.

25.     As part of Plaintiffs' duties, they would complete mortgage applications for CitiMortgage's customers interested in purchasing a mortgage.  These customers were primarily referred to Plaintiffs by other Citi employees.

26.     As part of Plaintiffs' duties, they would collect financial information and documents from a particular customer and would enter the financial information into Defendants' computer software ("Contact Manager").  Contact Manager would then identify whether the customer was conditionally approved for a particular mortgage based on the financial information that was provided.

27.     Plaintiffs would then notify the customer whether he or she was conditionally approved for the particular mortgage. If the customer was conditionally approved for the mortgage, Plaintiffs would request additional financial documents from the customer to satisfy the conditions set forth from Contact Manager.

28.     Plaintiffs would then notify a Processor to review the customers' mortgage application. After a review of the mortgage application and documents, the Processor would forward the mortgage application to an Underwriter for approval.

29.     Plaintiffs had no authority to approve or disapprove a mortgage application; instead, Plaintiffs followed Citi's internal processes to gather necessary information and documents for a customer's mortgage application to be processed.

30.     Plaintiffs did not customarily or regularly direct two or more persons, and they had no management responsibilities. They were only responsible for their own work while employed by Defendants.

31.     Plaintiffs' primary duties did not require knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized academic instruction or study.

32.     Plaintiffs' primary duties did not involve work that required invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

33.     Plaintiffs' primary duties did not consist of performance of either office or non-manual work that was directly related to Defendants' management or general business operations and did not include the exercise of discretion and independent judgment with respect to matters of significance.

34.    Plaintiffs were not customarily and regularly engaged away from the Company's place or places of business in performing their primary duties.  Plaintiffs worked primarily in Defendants' offices or from their home offices.

35.    Prior to July 18, 2010, Plaintiffs were not required to record their time spent working.  Thus, Defendants have failed to maintain records concerning Plaintiffs' hours worked as required by the FLSA and NYLL.

36.    Throughout their course of employment, Plaintiffs worked substantially in excess of 40 hours per week, frequently working between 50 and 70 hours per week.

37.    At all times, Defendants offered or permitted Plaintiffs to work such overtime hours.

38.    Throughout their course of employment, until on or about September 1, 2010, Plaintiffs were not paid overtime compensation for any hours worked in excess of 40 hours per week, in violation of the FLSA and NYLL overtime provisions requiring that an employer must pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours during a workweek.

39.    On or about September 1, 2010, Plaintiffs began receiving some compensation for overtime hours worked.  However, this compensation falls short of what is required under the FLSA and NYLL overtime provisions.

40.    During all relevant periods, there has been no material change in the job duties and assignments of Plaintiffs.

41.    Despite recognizing that prior to September 2010, Defendants had unlawfully misclassified Plaintiffs and all similarly situated persons as exempt from the FLSA and NYLL

overtime provisions, Defendants have failed to compensate Plaintiffs and the members of the FLSA Collective and New York Class for overtime compensation to which they are entitled.

42.    Defendants' violations of the FLSA and NYLL were willful, repeated, knowing, intentional, and without a good faith basis, and significantly damaged Plaintiffs and the members of the FLSA Collective and New York Class.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43.    Plaintiffs bring the First Cause of Action under the FLSA on behalf of themselves and all similarly-situated persons currently or formerly employed by Defendants as a Home Lending Specialist, Loan Consultant and/or any other similar position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per week during the FLSA Collective Period (the "FLSA Collective" or the "members of the FLSA Collective").

44.    At all relevant times, Plaintiffs and all members of the FLSA Collective were employed by Defendants as "employees" within the meaning of the FLSA.

45.    At all relevant times, the basic job duties and assignments of the members of the FLSA Collective were the same as or substantially similar to those of Plaintiffs.  At all relevant times, all of the members of the FLSA Collective were employed in the same job categories as Plaintiffs and were paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

46.    The members of the FLSA Collective, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay overtime wages equal to one and one-half times their regular rates of pay for all hours worked in excess of 40 hours during a workweek.

8

47.    At all times during the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the members of the FLSA Collective, and that these duties were not exempt from the overtime provisions of the FLSA.

48.    By their conduct, as set forth herein, Defendants violated 29 U.S.C. § 207(a)(1) by failing to pay the members of the FLSA Collective and Plaintiffs, the one and one-half times their regular rates of pay for all hours worked in excess of 40 hours during a workweek.

49.    Defendants' violations of 29 U.S.C. § 207(a)(1) were willful, repeated, knowing, intentional, and without a good faith basis, and significantly damaged Plaintiffs and the members of the FLSA Collective.

50.    Pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b), Defendants are liable to Plaintiffs and the members of the FLSA Collective for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

51.    While the exact number of members of the FLSA Collective is unknown to Plaintiffs at the present time, upon information and belief, there are at least hundreds of similarly-situated persons who have been employed by Defendants as Home Lending Specialists, Loan Consultants, and/or any similar position in the United States during the FLSA Collective Period.

52.    Plaintiffs are currently unaware of the identities of all members of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants as Home Loan Specialists, Loan Consultants, and/or any similar positions, anywhere in the United States during the FLSA Collective Period, stating their last known addresses, telephone numbers, and e-mail addresses, so that Plaintiffs can give such

members of the FLSA Collective notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

53.     Plaintiffs bring the Second Cause of Action as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other persons currently or formerly employed by Defendants anywhere within the State of New York as Home Lending Specialists, Loan Consultants, and/or any similar positions, who were not paid overtime compensation for all hours worked in excess of 40 hours per week during the New York Class Period ("the New York Class").

54.     Certification of the New York Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the New York Class.  Plaintiffs have standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the New York Class employed by Defendants generally. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the proposed class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for Plaintiffs, the members of the New York Class, and Defendants.

55.     The New York Class members are so numerous that joinder of all members is impracticable.  While the exact number of class members is unknown at this time, upon information and belief, it is sufficient to satisfy the numerosity requirement of Rule 23(a)(1) as there have been at least 100 people employed by Defendants as Home Lending Specialists, Loan

Consultants, and/or any similar positions in the State of New York during the New York Class period.

56. The claims alleged on behalf of Plaintiffs raise questions of law and fact common to the New York Class. Among these questions are:

(a) Whether Defendants improperly classified Plaintiffs and the members of the New York Class as exempt employees under the NYLL;

(b) Whether Defendants failed to compensate Plaintiffs and the members of the New York Class at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 in any workweek during the New York Class Period;

(c) Whether Defendants' failure to pay overtime compensation to Plaintiffs and the members of the New York Class constitutes a violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R § 142.2-2;

(d) Whether Defendants failed to maintain accurate records of the hours worked by Plaintiffs and the members of the New York Class as required by the NYLL.

(e) Whether Defendants violations of the NYLL were willful.

These common questions of law and fact arise from the same course of events and each class member will make similar legal and factual arguments to prove Defendants' liability.

57. Plaintiffs are members of the New York Class that they seek to represent. Plaintiffs' claims are typical of the claims of the New York Class. The relief Plaintiffs seek for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class.

58.     Plaintiffs' interests are co-extensive with those of the members of the New York Class that they seek to represent in this case.  Plaintiffs are willing and able to represent the New York Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiffs have retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.  The combined interests, experience and resources of Plaintiffs and their counsel to litigate completely the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

59.     Defendants have acted or refused to act on grounds generally applicable to the proposed New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

60.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiffs' and the proposed New York Class members' entitlement to monetary and non-monetary remedies to be determined at a later stages of the proceedings.

61.     The common issues of fact and law affecting Plaintiffs' claims and those of the proposed New York Class members, including, but not limited to, the common issues identified above, predominate over any issues affecting only individual claims.

62.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the members of the New York Class.  There will be no difficulty in the management of this action as a class action.

63.    The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiffs and the members of the New York Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the New York Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

## FIRST CAUSE OF ACTION

### (Violation of the Fair Labor Standards Act: Overtime Wages)

64.    Plaintiffs, on behalf of themselves individually and as members of the FLSA Collective, hereby reallege and incorporate by reference paragraphs 1 through 63 as though they were fully set forth herein.

65.    At all relevant times, Defendants have been and continue to be an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of and at revenue levels sufficient for coverage under the FLSA, 29 U.S.C. § 203.

66.    At all relevant times, Plaintiffs and all members of the FLSA Collective were employed by Defendants as an "employee," within the meaning of the FLSA, 29 U.S.C. § 203.

67.    Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216.  *See* Exhibit A.

68.    The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all work performed in excess of 40 hours in a workweek.

69.     Plaintiffs and the members of the FLSA Collective were not exempt from the requirement that their employer pay them overtime compensation under the FLSA, and they are entitled to be paid overtime compensation by Defendants for all overtime hours worked during the FLSA Collective Period.

70.     At all times during the FLSA Collective Period, Defendants have had a policy and practice of improperly classifying Plaintiffs and the members of the FLSA Collective as exempt from the provisions of the FLSA, and of failing to pay them overtime pay for their hours worked in excess of 40 hours in a workweek.

71.     As a result of Defendants' failure to compensate Plaintiffs and the members of the FLSA Collective at a rate not less than one and one-half times their regular rates of pay for all work performed in excess of 40 hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

72.     As a result of Defendants' failure to maintain accurate and complete records of the hours worked by Plaintiffs and the members of the FLSA Collective, Defendants have violated the FLSA.

73.     The foregoing conduct of Defendants, as alleged, constitutes willful violations, within the meaning of the FLSA, 29 U.S.C. § 255(a).

74.     Defendants' violations of the FLSA have significantly damaged Plaintiffs and the members of the FLSA Collective and entitles them to recover overtime wages, an additional equal amount in liquidated damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

### (Violation of the New York Labor Law: Overtime Wages)

75.     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 74 as though they were set forth herein.

76.     Pursuant to regulations issued by the State Commissioner of Labor, 12 N.Y.C.R.R. § 142-2.2, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA.

77.     Pursuant to New York Labor Law § 663, an employer who fails to pay overtime shall be liable for the amount of any underpayments, attorneys' fees and costs.

78.     Plaintiffs and the members of the New York Class were not exempt from the requirement that their employer pay them overtime compensation under the NYLL, and they are entitled to be paid overtime compensation by Defendants for all overtime hours worked during the New York Class Period.

79.     At all times during the New York Class Period, Defendants have had a policy and practice of improperly classifying Plaintiffs and the members of the New York Class as exempt from the provisions of the NYLL, and of failing to pay them overtime pay for their hours worked in excess of 40 hours in a workweek.

80.     As a result of Defendants' failure to compensate Plaintiffs and the members of the New York Class at a rate not less than one and one half-times their regular rate of pay for all work performed in excess of 40 hours in a workweek, Defendants have violated the NYLL and 12 N.Y.C.R.R. § 142-2.2.

81. As a result of Defendants' failure to maintain accurate and complete records of the hours worked by Plaintiffs and the members of the New York Class, Defendants have violated the NYLL.

82. The foregoing conduct of Defendants, as alleged, constitutes willful violations, within the meaning of the NYLL.

83. Defendants' violations of New York law have significantly damaged Plaintiffs and the members of the New York Class, entitling them to recover the total amount of unpaid overtime compensation, an additional equal amount in liquidated damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the FLSA Collective and New York Class, respectfully request that the Court:

A. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C.§ 216, and direct Defendants to provide Plaintiffs with a list of all persons employed by Defendants as Home Lending Specialists, Loan Consultants, and/or any similar positions, during the FLSA Collective Period, including all last known addresses, telephone numbers, and e-mail addresses of each such person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B. Determine the damages sustained by Plaintiffs and the members of the FLSA Collective as a result of Defendants' violations of the FLSA and award those damages against Defendants and in favor of Plaintiffs and all members of the FLSA Collective, plus such pre-judgment interest as may be allowed by law;

C.     Award Plaintiffs and the members of the FLSA Collective an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) because Defendants' overtime violations were willful and/or without a good faith basis.

D.     Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(2) or (b)(3), on behalf of the New York Class and designate Plaintiffs as representatives of this class and their counsel of record as class counsel;

E.     Determine the damages sustained by Plaintiffs and the members of the New York Class as a result of Defendants' violations of the NYLL and 12 N.Y.C.R.R. § 142-2.2, and

F.     Award those damages against Defendants and in favor of Plaintiffs and the New York Class, plus such pre-judgment interest as may be allowed by law;

G.     Award Plaintiffs and the New York Class an additional equal amount as liquidated damages pursuant to the NYLL because Defendants' overtime violations were willful and/or without a good faith basis;

H.     Award Plaintiffs and the members of the FLSA Collective and New York Class their reasonable attorneys' fees and costs and disbursements in this action, including but not limited to any accountants' or experts' fees; and

I.     Grant Plaintiffs and the members of the FLSA Collective and New York Class such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
April 8, 2011

Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

By: _____
 Scott B. Gilly
 Douglas H. Wigdor

85 Fifth Avenue, Fifth Floor
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
sgilly@twglaw.com
dwigdor@twglaw.com

*Attorneys for Plaintiffs and Proposed Class*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

TARA RANIERE, NICHOL BODDEN, and    :
MARK A. VOSBURGH                     :
on behalf of themselves individually,  :
and on behalf of all similarly-situated persons,  :
                                     :
                         Plaintiffs,  :    Civil Action No.
                                     :
            v.                       :
                                     :    **Notice of Consent**
CITIGROUP INC., CITIBANK, N.A., and  :
CITIMORTGAGE INC.,                   :
                                     :
                         Defendants.  :

---------------------------------------------------------------X

I hereby consent to join as a party plaintiff in the above-named case seeking damages and

other relief that may be appropriate against Citigroup Inc., Citibank, N.A., and/or CitiMortgage

Inc. for Defendants' alleged violations of the Fair Labor Standards Act. I understand that by

filing this Notice of Consent, I will be bound by the judgment of the Court on all issues in the

case, whether favorable to me or not.

Name:       Nichol Bodden

Address:    460 Spangle Drive, North Babylon, NY 11703

Telephone:  631-767-4588

Signature:  _Nichol Bodden_

Date:       April 5, 2011

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TARA RANIERE, NICHOL BODDEN, and :
MARK A. VOSBURGH :
on behalf of themselves individually, :
and on behalf of all similarly-situated persons, :
                                      :
                 Plaintiffs, : Civil Action No.
                                      :
       v. : **Notice of Consent**
                                      :
CITIGROUP INC., CITIBANK, N.A., and :
CITIMORTGAGE INC., :
                                      :
                 Defendants. :
                                      :

------------------------------------------------------------X

         I hereby consent to join as a plaintiff in the above-named case seeking damages and other

relief that may be appropriate against Citigroup Inc., Citibank, N.A., and/or CitiMortgage Inc.

for Defendants' alleged violations of the Fair Labor Standards Act. I understand that by filing

this Notice of Consent, I will be bound by the judgment of the Court on all issues in the case,

whether favorable to me or not.

Name:        Tara Raniere

Address:      417 Pond Path, Setauket, NY 11733

Telephone:    516-521-8700

Signature:     _____

Date:         April 5, 2011

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

TARA RANIERE, NICHOL BODDEN, and :
MARK A. VOSBURGH :
on behalf of themselves individually, :
and on behalf of all similarly-situated persons, :
:
                                Plaintiffs, :   Civil Action No.
:
          v. :
:   **Notice of Consent**
CITIGROUP INC., CITIBANK, N.A., and :
CITIMORTGAGE INC., :
:
                          Defendants. :
:
--------------------------------------------------------X

      I hereby consent to join as a plaintiff in the above-named case seeking damages and other

relief that may be appropriate against Citigroup Inc., Citibank, N.A., and/or CitiMortgage Inc.

for Defendants' alleged violations of the Fair Labor Standards Act. I understand that by filing

this Notice of Consent, I will be bound by the judgment of the Court on all issues in the case,

whether favorable to me or not.

Name:        Mark A. Vosburgh

Address:     35 Cliff Road East, Wading River, NY 11792

Telephone:   (631) 929-8256

Signature:    _____

Date:         April 5, 2011