# T|W|G

## Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

Scott B. Gilly
sgilly@twglaw.com

May 10, 2011

**VIA FACSIMILE**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-13-11

The Honorable Robert W. Sweet
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   Tara Raniere, et al. v. Citimortgage, Inc., et al. No. 11 Civ. 2448 (RWS)

Dear Judge Sweet:

We represent Plaintiffs in the above-referenced matter and respectfully make this application for the Court to hear oral argument on the two pending motions concurrently on June 1, 2011, the date already scheduled for argument on Defendants' motion. Specifically, having been filed three days apart, both Defendants' motion to dismiss, transfer or stay and Plaintiffs' motion for conditional certification have virtually overlapping briefing schedules under Local Civil Rule 6.1, and the Court has already scheduled Defendants' motion for hearing on June 1, 2011. In the interests of fairness, justice and judicial economy, Plaintiffs respectfully request that the Court hear oral argument on both motions at the June 1 hearing.

This collective action under the Fair Labor Standards Act ("FLSA") to remedy Defendants' willful failure to pay overtime compensation to employees (referred to generally as "Home Lending Specialists") who assist customers with home mortgage applications was commenced on April 8, 2011. Defendants responded by moving to dismiss, transfer or stay this action on the basis of the so-called "first-filed" rule. Promptly following Defendants' appearance in this action, Plaintiffs moved for conditional certification under the FLSA because substantial evidence already establishes that there are hundreds of Home Lending Specialists similarly situated to the named Plaintiffs who have been subjected to the same unlawful wage practices by Defendants.

Plaintiffs and their counsel are mindful that, in a collective action under the FLSA, an employee is not a member of the collective group until he or she affirmatively "opts-in" to the case. Until each employee opts-in, the statute of limitations continues to run and such employees' overtime claims are extinguished or reduced on a daily basis. For these reasons, as set forth in our motion papers, numerous courts within the Second Circuit have emphasized the importance of

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Hon. Robert W. Sweet
May 10, 2011
Page 2

employees receiving timely notice of the pendency of a collective action so that they can decide whether to participate. Accordingly, for these same reasons, Plaintiffs promptly moved for conditional certification following Defendants' appearance in this matter and respectfully submit that resolution of their motion for conditional certification should proceed expeditiously. Plaintiffs, therefore, request that their motion be heard concurrently with Defendants' motion at the June 1 hearing.

Briefing on both motions will be completed prior to the June 1 hearing date. Pursuant to Local Civil Rule 6.1, Defendants' motion will be fully briefed on May 24. Similarly, Plaintiffs' motion will be fully briefed on May 27. To the extent that the Court would prefer both motions to be fully briefed by May 24 to allow the Court sufficient time to prepare for the June 1 hearing, Plaintiffs are amenable to abbreviating the briefing schedule on the conditional certification motion, or alternatively to shortening Plaintiffs' time to file a reply from May 27 to May 24 should Defendants have some objection to an earlier date for their opposition.

In conferring with Defendants' counsel, Defendants will not consent to this request. To the contrary, Defendants have indicated that they will seek to stay the conditional certification motion pending decision on their own motion. The reason that Defendants vigorously oppose this request is that any delay in conditional certification substantially decreases Defendants' ultimate liability for their FLSA violations due to the continued running of the statute of limitations on a daily basis. As such, Defendants' attempt to delay resolution of the conditional certification motion greatly prejudices Plaintiffs and the potential members of the collective group who would be entitled to join this action. By contrast, Plaintiffs' request that the Court hear both motions on June 1 does not prejudice Defendants at all. For all of the foregoing reasons, Plaintiffs request that the Court hear oral argument on both motions concurrently on June 1, 2011.

Thank you very much for your consideration.

Respectfully submitted,

Scott B. Gilly

SBG/vg
cc: Sam Shaulson, Esq.