# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JULIO VASQUEZ, on behalf of himself and
all others similarly situated,

           Plaintiff,

-v-

No. 10 Civ. 8820 (LTS)(THK)

VITAMIN SHOPPE INDUSTRIES INC., et al.,

           Defendants.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11 JUL 2011

## MEMORANDUM OPINION

In this putative collective action for overtime pay under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201 et seq., and the New York Labor Law, Plaintiff Julio Vasquez ("Plaintiff") moves for a "conditional certification" of a nationwide class and an order authorizing him to issue notice to other potential plaintiffs who are or have been employed as Store Managers ("SMs") in Defendant's retail establishments. Defendant Vitamin Shoppe Industries, Inc., ("Defendant" or "Vitamin Shoppe"), opposes Plaintiff's request. The Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367. The Court has reviewed thoroughly and considered carefully all of the parties' submissions and, for the reasons stated below, grants Plaintiff's motion in part.

### BACKGROUND

The FLSA requires covered employers to pay their employees overtime wages, at the rate of time and a half, for hours in excess of 40 hours worked in a single week. 29 U.S.C. § 207. However, the FLSA exempts from these overtime requirements persons who are

"employed in a bona fide executive, administrative, or professional capacity . . . (as such terms are defined and delimited from time to time by regulations of the Secretary [of Labor])." 29 U.S.C.A. § 213(a)(1) (West 2011). This exemption is narrowly construed and the burden rests on the employer to show that the employees are properly classified as exempt. Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 250 (S.D.N.Y. 1997) (citing Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 614 (2d Cir.1991)).

The regulations promulgated by the United States Department of Labor pursuant to the FLSA define an "employee employed in a bona fide executive capacity" as any employee who receives a salary of $455 or more per week; whose "primary duty" is managerial; who "customarily and regularly directs the work of two or more other employees;" and who has the authority to hire and fire or whose suggestions regarding hiring, firing, and promotion decisions "are given particular weight." 29 C.F.R. §§ 541.100(a)(1)-(3) (2011).

Defendant Vitamin Shoppe is a nationwide specialty retailer and direct marketer of nutritional products with some 500 stores in 40 states. (Def.'s Opp'n at 2). According to Plaintiff's complaint, Plaintiff was employed by Defendant from approximately April 2001 to August 2009 as a Sales Associate, Assistant Store Manager, and Store Manager at various Vitamin Shoppe stores in New York City. (Compl. ¶¶ 24-28). Vitamin Shoppe classifies its Store Managers as exempt under the bona fide executive provision of 29 U.S.C. § 213(a)(1) (2011).

Plaintiff's complaint centers on his 15-month tenure with Defendant as a Store Manager ("SM"), a position that he alleges Defendant misclassified as exempt, thereby circumventing the FLSA's overtime compensation requirements. Plaintiff avers that he routinely worked in excess of 40 hours a week, but – like all Vitamin Shoppe SMs – received a

salary and no overtime compensation. (Id. ¶¶ 29-32). According to the complaint and Plaintiff's personal declaration accompanying the instant motion, Plaintiff spent 80% of his time as an SM performing non-managerial tasks, such as stocking shelves and assisting customers in locating products. (Id. ¶ 53; Decl. of Julio Vasquez ¶ 28 dated Apr. 4, 2010, annexed to Pl.'s Notice of Mot.). He asserts that his duties "did not include managerial responsibilities or the exercise of independent business judgment." (Compl. ¶ 60; Vasquez Decl. ¶ 36).

Plaintiff's evidentiary submission in support of his motion for conditional certification initially consisted of a single personal declaration and copies of his pay stubs. In his declaration, Plaintiff describes his experience as an SM, and states "[u]pon information and belief" that there are at least 400 similarly situated SMs (Vasquez Decl. ¶ 35), and avers that he has "personal knowledge" of such individuals. (Id. ¶ 37). He also avers that he spoke to several Sms – whom he identifies by first name only – who told Plaintiff that they were not paid overtime, a fact that Defendant does not contest. (Id. ¶ 40). Plaintiff does not offer any details about the duties these SMs performed. In a reply declaration, Plaintiff provides greater detail, identifying by name and store location six SMs who worked at Vitamin Shoppe stores in New York City, and who allegedly lacked the right to hire and fire, performed non-managerial tasks such as selling products to customers, stocking shelves, cleaning the store, and working the register, and worked in excess of 40 hours per week. (Reply Decl. of Julio Vasquez ¶¶ 11-13 dated May 18, 2010, annexed to Pl.'s Reply). On the basis of this evidentiary submission, Plaintiff requests that this Court certify a class consisting of all individuals who worked " as clerks with the title 'Store Manager'" at a Vitamin Shoppe store at any time after November 22, 2007.

Defendant opposes the motion, arguing that Plaintiff has failed to make the necessary showing that he was similarly situated to a nationwide class of SMs. Defendant's evidentiary submission is voluminous. It includes several corporate documents which suggest that SMs exercise managerial control, have a substantial equity interest in the performance of their stores, and receive special training.[1] Defendant also submits declarations from multiple SMs in several states whose descriptions of their job responsibilities differ starkly from Plaintiff's account. Specifically, they claim that they are responsible for disciplining employees, writing performance evaluations, hiring and training staff, and recommending promotions and terminations – recommendations which they claim are customarily accepted by their District Managers. Each asserts that SMs exert managerial control over day-to-day store operations, including setting the daily work schedule and keeping the store within budget.

## DISCUSSION

Plaintiff's federal claim is brought pursuant to Section 216(b) of the FLSA. This section provides for a private right of action to recover unpaid overtime compensation and liquidated damages from employers who violate the Act's overtime provisions. See 29 U.S.C. § 216(b). "Section 216(b) allows such a case to be brought as a collective action, that is, an action by one or more employees for and in behalf of himself [or herself] or themselves and other employees similarly situated." Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) (quotation marks and citation omitted). Although FLSA § 216(b) does not contain a notice provision, "it is 'well settled' that district courts have the power to

---

[1] See SM Bonus Plan (annexed to Def.'s Opp'n as Ex. B), SM Owner Plan (annexed to Def.'s Opp'n as Ex. C), SM Job Description (annexed to Def.'s Opp'n as Ex. D), SM Conference Agendas (annexed to Def.'s Opp'n as Ex. E), and Performance Appraisal Forms (annexed to Def.'s Opp'n as Ex. F).

authorize an FLSA plaintiff to send such notice to other potential plaintiffs." Id. at 104 (citing cases).

Certification of a collective action proceeds in two stages in this Circuit. Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010). In the first stage, "the court examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." Morales v. Plantworks, Inc., No. 05-CIV-2349(DC), 2006 WL 278154, *1 (S.D.N.Y. Feb. 2, 2006). While the term "similarly situated" is not defined in the FLSA and its implementing regulations, "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997). If the Court finds that the potential plaintiffs are similarly situated, it will issue notice and permit the case to proceed through discovery as a collective action." Lynch v. United Services Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). At the second stage, the defendant may move the court to decertify the class if discovery shows that the individuals who opt-in are not in fact similarly situated to the named plaintiff. Myers, 624 F.3d at 555.

Because certification at this early juncture is merely "preliminary" and subject to reevaluation on a fuller record, Plaintiff's burden is low. Lynch, 491 F. Supp. 2d at 368. In contrast to the stringent requirements for certification of a class action brought under Federal Rule of Civil Procedure Rule 23, courts apply a "fairly lenient standard" for conditional certification of a collective action. Malloy v. Richard Fleischman & Associates Inc., No. 09-CIV-322 (CM), 2009 WL 1585979, *2 (S.D.N.Y. June 3, 2009) (quoting Torres v. Gristede's Operating Corp., 04-CIV-3316 (PAC), 2006 U.S. Dist. LEXIS 74039, *37-38 (S.D.N.Y. Sept

28, 2006)). At this initial stage, the "court need not evaluate the underlying merits of a plaintiff's claims to determine whether the plaintiff has made the minimal showing necessary for court-authorized notice." Damassia v. Duane Reade, Inc., No. 04-CIV-8819 (GEL), 2006 WL 2853971, *3 (S.D.N.Y. Oct. 5, 2006).

However, certification is not automatic. "While the factual showing that [the putative representative] must make at this stage is 'modest,' it must be "sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." Levinson v. Primedia Inc., No. 02-CIV-2222 (CBM), 2003 WL 22533428, *1 (S.D.N.Y. Nov. 6, 2003). "Conclusory allegations are not enough" to satisfy this burden. Morales, 2006 WL 278154, at *2-3 (internal quotation and citation omitted).

As Plaintiff proposes a nationwide class, he bears the burden of showing a nationwide policy or plan pursuant to which SMs are assigned duties that render inappropriate Vitamin Shoppe's exempt classification of the SM position. Plaintiff has not met his burden. His submission, which is based entirely on his personal experience, is devoid of any evidence from which this Court could infer that all SMs, across 40 states, are misclassified. Plaintiff asserts that "Defendants adopted and adhered to a policy effectively requiring their employees to work in excess of 40 hours per week . . . in violation of FLSA § 217" (Pl. Mot. at 4), but his only evidence of misclassification of SMs as exempt consists of allegations regarding the tasks performed by specific individuals, based on his observations of and conversations with six SMs, all of whom all of whom work at store locations in Brooklyn or Manhattan. (Vazquez Reply Decl. ¶ 23). He avers "on information and belief" that there are 400 similarly situated employees throughout the United States (Vasquez Decl. ¶ 37), but that assertion – buttressed only by a geographically concentrated cluster of SMs whom he claims were assigned duties inconsistent with

their exempt classification – is too thin a reed on which to rest a nationwide certification. See Bernard v. Household Int'l, Inc., 231 F. Supp. 2d 433, 436 (E.D. Va. 2002) (prefatory phrases like "It is my understanding" and "I believe that" are insufficient grounds to certify a collective action).

The logic of Plaintiff's argument that he is entitled to nationwide certification appears to be the following: he has identified a handful of SMs whose predominately non-managerial duties belie their executive exemption. All SMs are exempt. Therefore, all SMs are misclassified. The flaw in this argument is that the only thread Plaintiff provides to link the handful of New York City SMs with their counterparts nationwide is their common exempt classification. This is not sufficient, especially in a case such as this where the employees perform a hybrid of managerial and non-managerial tasks.[3] The FLSA regulations, which explicitly permit concurrent performance of exempt and non-exempt tasks, require that assessments of compliance with the executive exemption be done "on a case-by-case basis." 29 C.F.R. § 541.106(a) (2011). This assessment is a fact-intensive inquiry that examines the totality of the employee's duties and asks whether the employee's "primary duty" is the performance of exempt work. 29 C.F.R. § 541.700 (2011). Thus, while the balance of work responsibilities for SMs at some retail locations may possibly support a finding of misclassification, in others the balance may tip in the opposite direction. Courts will certify broad classes where there is some showing that all members of the putative class performed the same duties, see Young v. Cooper Cameron Corp., 229 F.R.D. 50, 55 (S.D.N.Y. 2005), or that the employer had uniform company-wide employment practices. See

---

[3] Plaintiff concedes that he performs at least some managerial tasks. For example, he admits that he filled out performance evaluations, though he claims that Assistant Managers did so as well. (Vasquez Reply Decl. ¶ 2). Furthermore, while he denies that he had authority to make hiring and firing decisions, he does not contest the representations of Defendant's numerous SM declarants who assert that their recommendations regarding hiring, firing, and promotion were given substantial weight.

Damassia, 2006 WL 2853971, at *5, n.9. However, "the mere classification of a group of employees—even a large or nationwide group—as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes." Bramble v. Wal-Mart Stores, Inc., No. 09-CIV-4932(TNO), 2011 WL 1389510, *4 (E.D. Pa. Apr. 12, 2011) (quoting Colson v. Avnet, Inc., 687 F. Supp. 2d 914, 927 (D. Ariz. 2010)); see also Guillen v. Marshalls of MA, Inc., 750 F. Supp. 2d 469, 476-77 (S.D.N.Y. 2010).

Plaintiff requests that, in the alternative, the Court grant certify a statewide class. The Court denies this request. Just as Plaintiff provides no basis to conclude that there is a common nationwide plan or practice of assigning SMs duties inconsistent with their exempt classification, he provides no basis upon which to infer the existence of a statewide plan.

However, the Court finds that Plaintiff has met his burden with respect to SMs employed at the seven stores at which Plaintiff and the SMs he identifies in his reply declaration worked. "[I]t is within the district court's power to limit the scope of the proposed class in a collective action." Gorey v. Manheim Services Corp., No. 10-CIV-1132 (JSG), 2010 WL 5866258, *4 (S.D.N.Y. Nov. 10, 2010). Accordingly, the Court will conditionally certify and authorized notice to a class consisting of all individuals employed as SMs at any time since November 22, 2007, at any of the seven Vitamin Shoppe stores identified by Plaintiff in his reply declaration. (Vasquez Reply Decl. ¶ 23). See Anglada v. Linens 'N Things, Inc., No. 06-CIV-12901(CM)(LMS), 2007 WL 1552511 (S.D.N.Y. May 29, 2007), adopted by Order of May 29, 2007, Docket Entry 37 (denying request for nationwide certification but granting certification for a class of individuals employed at the two locations where plaintiff worked); Vaicaitiene v. Partners in Care, Inc., No. 04-CIV-9125 (RMB), 2005 WL 1593053, *6 (S.D.N.Y. June 6, 2005) (granting

plaintiff's request for conditional certification of only a subset of employees); Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 363 (M.D. Ala. 1999) (same).[4]

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for collective action certification and notice only with respect to SMs employed at the seven retail stores identified in Plaintiff's reply declaration. A separate order will be entered.

Dated: New York, New York
July 11, 2011

LAURA TAYLOR SWAIN
United States District Judge

---

[4] Defendant argues that certification is inherently inappropriate in this case because executive misclassification claims necessarily require a case-by-case, fact intensive inquiry, and because Defendant might have individual defenses against each opt-in plaintiff. (Def.'s Opp'n at 21-23). However, "it is well settled that the existence of certain individual claims or defenses does not preclude the conditional certification of an FLSA collective action." Sexton v. Franklin First Financial, Ltd., No. 08-CIV-04950 (JFB), 2009 WL 1706535, at *8-9 (E.D.N.Y. June 16, 2009); see also Summa v. Hofstra University, No. 07-CIV-3307 (DRH), 2008 WL 3852160, at *5 (E.D.N.Y. Aug 14, 2008) (holding that inquiry into individual defenses "is not a proper inquiry for the court on [an initial certification] motion").