UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARA RANIERE, NICHOL BODDEN, and MARK A. VOSBURGH, on behalf of themselves individually, and on behalf of all similarly-situated persons,

Plaintiffs,

v.

CITIGROUP INC., CITIBANK, N.A., and CITIMORTGAGE, INC.,

Defendants.



Civil Action No. 11 CV 2448 (RWS)

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

AND NOW, this __17__ day of _December_, 2014, upon consideration of the parties' Joint Motion for Preliminary Class and Collective Action Settlement Approval, the Court hereby grants the Motion and ORDERS as follows:

1. The Parties' Stipulation of Settlement is preliminarily approved as fair, reasonable and adequate;

2. For settlement purposes only, the following collective action is conditionally certified pursuant to 29 U.S.C. § 216(b), pending final approval of the settlement: all current and former employees in the United States who have worked for Defendants as a Home Lending Specialist at any time between March 1, 2011, and September 15, 2013 (collectively "HLSs"), including all HLSs who have opted into this Action and/or asserted any claims against Defendants in arbitration.

3. For settlement purposes only, the following Settlement Class is provisionally certified pursuant to Fed. R. Civ. P. 23, pending final approval of the settlement: all current and

former employees in the United States who have worked for Defendants as an HLS for at least one day between April 8, 2005, and September 15, 2013 if they worked in New York, between April 8, 2008, and September 15, 2013 if they worked in California, or between March 1, 2011, and September 15, 2013 if they worked in any other state (and not New York or California), including all HLSs who have opted into this Action and/or asserted any claims against Defendant in arbitration.

4.   Wigdor LLP is appointed as Class Counsel for the Settlement Class;

5.   The Court approves Garden City Group as Claims Administrator;

6.   The proposed Notice Regarding Pendency of Class and Collective Action, including all of its exhibits, is approved, and shall be sent out pursuant to the terms of the Stipulation of Settlement;



7.   The Court will conduct a Final Approval Hearing on __June 10__, 201_5_, at _12_ a.m./p.m. to determine the overall fairness of the settlement and to fix the amount of attorneys' fees and costs to Class Counsel and Enhancement Payments to the Class Representatives. The Final Approval Hearing may be continued without further notice to Class and Collective Action Members. Class Counsel shall file their motion for Final Approval and for Attorneys' Fees,



Costs, and Enhancement Payments to the Class Representatives on or before __May 27__, 201_5_;

8.   Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order and Judgment, the named and opt-in Plaintiffs and all Class and Collective Action Members and anyone acting on behalf of any Class and Collective Action Member shall be barred and enjoined from: (a) further litigation in this Action; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual, class or collective action basis any action, claim or proceeding against Defendants or

the Releasees in any forum in which any of the claims subject to the Settlement are asserted, including any arbitration, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

9.  This Order is not admissible as evidence for any purpose against Defendants or the Releasees (as defined in the Stipulation of Settlement) in any pending or future litigation. This Order shall not be construed or used as support for conditional certification or certification, or in opposition to decertification, of any class or collective action. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants or the Releasees of any fault, wrongdoing, breach, or liability and Defendants and the Releasees specifically deny any such fault, breach, liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants or the Releasees to class certification, in the event that the Stipulation of Settlement is terminated. The Stipulation of Settlement and any action taken pursuant to the Stipulation of Settlement are for settlement purposes only. Neither the fact of, nor any provision contained in the Stipulation of Settlement or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

BY THE COURT,

_____
Honorable Judge Robert W. Sweet
United States District Judge